IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFF PATTERSON,

                Plaintiff,              OPINION AND ORDER

   v.

                                            12-cv-706-wmc

TURINA BAKKEN, MELISSA BRAINERD,
and CYNTHIA PECKENPAUGH,

                Defendants.

---

      Plaintiff Jeff Patterson recently filed a motion for partial summary judgment, seeking an order that he has established a *prima facie* case of race and sex discrimination under the indirect or burden-shifting *McDonnell Douglas* method.  (Dkt. #44.)  The court is in receipt of two related motions by defendants Turina Bakken, Melissa Brainerd and Cynthia Peckenpaugh.  In the first motion, defendants seek an order striking plaintiffs' excessive and unused proposed findings of fact and evidence lacking proper foundation.  (Defs.' Mot. to Strike (dkt. #48).)  In the second motion, defendants seek an extension of time to respond to plaintiff's motion for partial summary judgment pending the court's ruling on the contemporaneously-filed motion to strike.  (Defs.' Mot. for Extension (dkt. #50).)

      In its order denying defendants' motion for summary judgment, the court expressed its willingness to decide all discovery-related motions.  (6/18/13 Op. & Order (dkt. #31) 16.)  While the present motions are not related to discovery, perhaps this invitation opened the door to what it views as an ill-advised motion for a preemptory ruling from this court on anticipated, relatively mundane objections to plaintiff's

proposed findings of facts before having to actually respond. Perhaps some set of proposed findings of fact will be so onerous and pointless as to justify such a motion, but this is not such a circumstance. Accordingly, the court will deny defendants' motion to strike.[1] While the court's immediate decision on the first motion would appear to moot defendant's second motion, the court will nonetheless grant defendants a modest extension: defendants' response to plaintiff's motion for partial summary judgment will now be due on or before October 10, 2013 and plaintiff's reply in support will now be due on or before October 29, 2013.

OPINION

Defendants contend that a number of plaintiff's proposed findings of facts should be stricken because they are "unused" and/or irrelevant. Defendants' first argument -- that proposed findings of facts not actually cited in plaintiff's brief in support of his motion for partial summary judgment should be stricken -- lacks any merit. There are a number of reasons why a party may submit proposed findings of facts which are not cited in the brief in support of summary judgment, whether because those facts go to jurisdiction, are offered as background or context, are submitted in anticipation of

---

[1] The court opted to rule on these motions prior to plaintiff's response because defendants' argument is straight-forward and any benefit from plaintiff's response was outweighed by the interest in promptly deciding the motion to strike.

opposing arguments or simply do not bear repeating. The court has no intention of striking facts solely because of plaintiff's failure to cite to them in his brief.[2]

Defendants' argument that the court should strike certain facts as irrelevant to the present motion at least makes more sense. As defendants explain, plaintiff's motion for partial summary judgment is on a narrow issue -- whether there is a genuine issue of material fact as to plaintiff's *prima facie* showing under the *McDonnell Douglas* method of proving intentional discrimination. It is not, however, the court's practice to parse for defendants the proposed findings of facts to determine which ones are relevant to a motion for summary judgment or serve as useful context; this is defendants' responsibility. In response to each proposed finding of fact, defendants are in the best position to (1) dispute and explain why the fact is not relevant; (2) admit and explain why the fact is not relevant; or (3) take their chances and simply respond that the fact is not relevant. Similarly, to the extent defendants believe certain exhibits of plaintiff's lack foundation, they may challenge the proposed finding of fact on foundation grounds alone or in combination with other objections and responses, as they see fit. (*See* Defs.' Br. in Supp. of Mot. to Strike (dkt. #49) 4 (citing Affidavit of Paul A. Kinne, Exs. B, G and M (dkt. ##47-2, 47-7, 47-11).)

---

[2] In particular here, the court does not strike certain facts which, while not directly relevant to the elements necessary to make out a *prima face* case of discrimination, still provide helpful context or background to decide the present motion (*e.g.*, introduction of the parties and key players, timeline of decisionmaking process, etc.). (*See also* Prelim. Pretrial Conf. Order, Procedure to be Followed on Motions for Summary Judgment (dkt. #14) 12 ("For example, the proposed findings shall include factual statements relating to jurisdiction, the identity of the parties, the dispute, and the context of the dispute.").)

In so ruling here, the court again acknowledges that proposed findings of facts may be so outrageous in a given case that preemptory relief may be justified, but this is simply not such a case. Defendants need to respond on summary judgment as set forth in the court's standing order, just like every other non-movant.

Having offered no other basis for an extension of time, the court is inclined to deny defendants' other motion as well, but will instead allow both sides a short extension to meet their remaining obligations under the court's standing order.

ORDER

IT IS ORDERED that:

1) defendants' motion to strike (dkt. #48) is DENIED without prejudice to defendants' raising same or similar objections in response to plaintiff's proposed findings of fact; and

2) defendants' motion for extension of time (dkt. #50) is GRANTED IN PART AND DENIED IN PART; defendants' response to plaintiff's motion for partial summary judgment is now due on or before October 10, 2013; plaintiff's reply, on or before October 29, 2013.

Entered this 18th day of September, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge