IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFF PATTERSON,

                Plaintiff,                    OPINION AND ORDER

v.

                                            12-cv-706-wmc

TURINA BAKKEN, MELISSA BRAINERD,
and CYNTHIA PECKENPAUGH,

                Defendants.

---

In this civil rights action, plaintiff Jeff Patterson alleges that three employees of Madison Area Technical College discriminated against him on the basis of his race and/or sex in failing to hire him as a Salon Manager. Before the court is plaintiff's motion for partial summary judgment, seeking a finding that he has established a *prima facie* case of intentional discrimination under the *McDonnell Douglas* (or indirect) method of proof. (Dkt. #44.) Without reaching its merits, the court will deny plaintiff's motion as moot.

In a typical discrimination case, a *defendant* might move for summary judgment, putting plaintiff to his or her proof of intentional discrimination under the direct or indirect method. *Silverman v. Bd. of Educ. of the City of Chi.*, 637 F.3d 729, 733 (7th Cir. 2011). Under the "direct method," plaintiff must put forth "evidence leading *directly* to the conclusion that an employer was illegally motivated, without reliance on speculation." *Good v. Univ. of Chi. Med. Ctr.*, 673 F.3d 670, 676 (7th Cir. 2012) (emphasis in original). Under the "indirect method" of proving race or gender discrimination, the familiar *McDonnell Douglas*[1] burden-shifting analysis applies, *Everroad*

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

*v. Scott Truck Sys., Inc.*, 604 F.3d 471, 477 (7th Cir. 2010), which requires plaintiff to establish a *prima facie* case of discrimination, demonstrating:

> 1) he is a member of a protected class;
>
> 2) he applied for, and was qualified for, an open position;
>
> 3) he was rejected; and
>
> 4) the employer filled the position with a person not in the plaintiff's protected class, or the position remained open.

*Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 724 (7th Cir. 2005).

In his brief in support of an award of partial summary judgment, plaintiff states that he can "*prevail* on his race or sex discrimination claims under either the direct or indirect methods of proof." (Pl.'s Br. (dkt. #45) 9 (quoting *Bruno v. City of Crown Point*, 950 F.2d 355, 361 (7th Cir. 1992)) (emphasis added). Not true. At least under the indirect method, plaintiff may successfully oppose a motion for summary judgment, but this just gets him to trial.

At the trial, the question for the jury will solely be defendants discriminated against Patterson in not hiring him as MATC's Salon Manager because of his race and/or sex.[2] The jury will *not* be asked to consider (1) whether plaintiff has established a *prima facie* case; (2) whether defendants have rebutted that case by pointing to a legitimate, non-discriminatory basis for their hiring decision; nor (3) whether plaintiff has proven that defendants' proffered reason is simply a pretext for discrimination. "The *McDonnell*

---

[2] If the parties pursue a mixed motive theory, then the jury could be asked whether Patterson's race and/or sex was a motivating factor in defendants' decision. *See* 42 U.S.C. § 2000e-5(g)(2)(B); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003). This, of course, is a different issue than that posed by plaintiff in his motion for summary judgment.

2

*Douglas* framework is designed to help plaintiffs raise an inference of discrimination during pretrial proceedings." *Filipovich v. K & R Exp. Sys., Inc.*, 391 F.3d 859, 863 (7th Cir. 2004) (quoting *Diettrich v. Nw. Airlines, Inc.*, 168 F.3d 961, 965 (7th Cir. 1999)); *see also Morgan v. SVT, LLC*, 724 F.3d 990, 997 (7th Cir. 2013) (describing the purpose of *McDonnell Douglas* as "outlin[ing] a series of steps that, if satisfied, would support a plaintiff's right to reach the trier of fact"). This "burden-shifting" device is, however, "appropriate only for purposes of summary judgment; after the evidence has been presented at trial, the question is simply whether that evidence is sufficient to allow a reasonable jury to find in favor of the plaintiff." *Brown v. Snow*, No. 03-2181, 94 Fed. Appx. 369, 372, 2004 WL 764129, at *2 (7th Cir. Apr. 6, 2004) (citing *Staples v. Pepsi-Cola Gen. Bottlers, Inc.*, 312 F.3d 294, 299 (7th Cir. 2002); *Hall v. Gary Cmty. Sch. Corp.*, 298 F.3d 672, 675 (7th Cir. 2002)).

While Federal Rule of Civil Procedure 56(g) permits a district court to enter summary judgment as to a particular fact, the facts plaintiff seeks to establish as part of his motion do not bear on the ultimate question of whether Patterson has demonstrated that his race and/or sex were a motivating factor in defendants' decision not to hire him as Salon Manager. As such, the court declines plaintiff's invitation -- and defendants' own request in their opposition brief -- to enter partial summary judgment in this case.

ORDER

IT IS ORDERED that plaintiff Jeff Patterson's motion for partial summary judgment (dkt. #44) is DENIED.

Entered this 13th day of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge